**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE L. KELLY,

      Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES OF
AMERICA,

      Defendants-Appellees.

No. 03-3371
(D.C. No. 03-CV-4137-JAR)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Lawrence Kelly filed suit pro se against the United States Department of

Justice in Kansas federal district court. He captioned his initial pleading

"unconstitutionality" and referenced 18 U.S.C. §§ 241 and 245 and 42 U.S.C. §§

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1981 and 1982. Rec. 10 at 1. The district court granted the Justice Department's motion to dismiss, *id.* at 3, and we affirm.

The Justice Department is undeniably an arm of the United States Government. For a suit against the United States to be viable, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). We must strictly construe any waiver of sovereign immunity, and where one is not explicit, it cannot be implied. *Id.* None of the statutes Mr. Kelly cites effect a waiver of the United States' sovereign immunity by providing that an action may be brought directly against the United States. As such, "the district court lacked subject matter jurisdiction to consider the claim." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003).

Because we conclude the district court lacked subject matter jurisdiction, we need not review that court's alternative dismissal for failure to state a claim. The district court's dismissal of Mr. Kelly's complaint is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-2-