**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORMAN E. REED,

   Plaintiff - Appellant,

  v.

RANDY LONG, Captain, Utah State Prison; JOHN GRAFF, Caseworker, Washington County Jail; CINDY MORIARTY, IDHO, Washington County Jail; FNU WIEGEIT, Corporal, Washington County Jail; MIKE HOGLUND, Mental Health, Utah State Prison; RICK NICHOLS, Sergeant, Utah State Prison; JACK FORD, Public Affairs, Utah Department of Corrections; STEVEN NORMAN, Mental Health, Utah State Prison, in their individual capacities,

   Defendants - Appellees.

No. 05-4006

(D.C. No. 2:04-CV-831-PGC)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

_____

Plaintiff-Appellant Norman E. Reed, an inmate proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 claim alleging constitutional violations related to his incarceration. The district court dismissed the claim without prejudice for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The Prison Litigation Reform Act requires inmates bringing prison-condition actions to exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). Suits involving multiple prison-condition complaints require "total exhaustion," meaning "all available prison grievance remedies must be exhausted as to all of the claims." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) (internal quotation marks omitted). To plead exhaustion properly, the prisoner plaintiff "must . . . attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (internal quotation marks and brackets omitted).

Mr. Reed raises at least five different prison-condition claims. The only items in the record addressing the exhaustion requirement are (1) a conclusory statement claiming that "Plaintiff has previously sought informal or formal relief

-2-

from the appropriate administrative officials regarding the acts complained of herein to no avail," R. Vol. I, doc. 8 at 7, and (2) a copy of one grievance, which does not indicate the grievance level or outcome. Mr. Reed's pleadings and attached grievance form do not satisfy the requirements of *Steele* by establishing that he has exhausted all his administrative remedies. To the extent that he may be able to satisfy the exhaustion requirement for a claim by showing that he was thwarted by prison authorities, he must allege that in his district-court pleadings as well.

Having conducted de novo review, *see Ross*, 365 F.3d at 1185, we AFFIRM for substantially the same reasons stated by the district court. Mr. Reed's motion to pay the appellate filing fee in partial payments is GRANTED. He is reminded that he is obligated to continue making partial payments until the entire fee is paid.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge