F I L E D
**United States Court of Appeals
Tenth Circuit**

**June 23, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARVELL HORTON,

      Plaintiff-Appellant,

v.

JOE ORTIZ, Exec. Dir. Corrections;
GARY GOLDER, Warden, S.C.F.;
TERRY BARTRUFF, Major, Security,
S.C.F.; MICHELLE NYCZ, Captain,
L.U. #1 & 2, S.C.F.; MICHAEL
WELTY, Officer, Security, S.C.F.;
MAX BOELTER, Officer, Security,
S.C.F.; F.N.U. LACHANCE, Officer,
L.U. #2, S.C.F.; F.N.U. BUTLER,
Lieutenant, L.U. #2, S.C.F.; Officially,

      Defendants-Appellees.

No. 05-1022

(D.C. No. 04-Z-1095)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Arvell Horton appeals the district court's dismissal of his civil action without prejudice for failure to exhaust administrative remedies.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Horton, a prisoner in the custody of the Colorado Department of Corrections (DOC), filed a pro se complaint seeking money damages and declaratory relief pursuant to 42 U.S.C. §§ 1983, 1985, and 28 U.S.C. § 1342. The magistrate judge ordered Horton to show cause why his complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.  Horton was also required to file an amended complaint that complied with Federal Rule of Civil Procedure 8.  Horton belatedly filed an amended complaint.  He asserted he had exhausted each of his claims except for his excessive force claim, which he argues has no exhaustion requirement.  The district court, noting the applicability of an administrative remedy procedure through the DOC and this court's requirement that all claims must be exhausted, dismissed Horton's complaint without prejudice for failure to exhaust.

The prison litigation reform act (PLRA) "contains a total exhaustion requirement . . . ."  Ross v. County of Bernalillo, 365 F. 3d 1181, 1189 (10th Cir. 2004).  This court has determined "that the presence of unexhausted claims in [a

2

prisoner's] complaint require[s] the district court to dismiss his [or her] action in its entirety without prejudice." Id.

Horton argues dismissal was improper because (1) his claims are meritorious, (2) he cannot be compensated "for an assault of this magnitude" through the grievance procedure, Aplt. Br. at 4, (3) excessive force claims are not prison condition claims, but fall within the Eighth Amendment's protections from cruel and unusual punishment and, as such, are not within the exhaustion requirement, and (4) the district court cannot *sua sponte* raise failure to exhaust under the PLRA.

We reject Horton's first argument that the district court should have overlooked his failure to exhaust because his claims are meritorious. "If a prisoner . . . submit[s] a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d at 1190. Generally speaking, a district court may only reach the merits of an unexhausted claim if the "claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." Id. (quoting 42 U.S.C. § 1997e(c)(2)). Here, we conclude the district court properly dismissed Horton's claims without prejudice, leaving the merits of

3

those claims to be resolved at a later time in the event that Horton chooses to exhaust those claims and refile his complaint.

With regard to Horton's second argument that the administrative procedures available are inadequate, the district court noted that DOC's "Grievance Procedure applies 'to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally.'" ROA, Doc. 25 (quoting DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.). Horton provides no support for his argument that the DOC's administrative grievance procedure cannot address and respond to the assault Horton has alleged.

We also reject Horton's argument that Eighth Amendment claims fall outside of the administrative exhaustion requirement. The Supreme Court has held "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Accordingly, an excessive force claim is subject to the exhaustion requirement.

In an addendum to his opening brief, Horton argues that because the failure to exhaust administrative remedies is an affirmative defense which should be pled

4

by the defendant, the magistrate judge and district court erred by raising this defense *sua sponte* and dismissing his complaint without prejudice. We disagree. We have held that "we cannot view § 1997e(a) exhaustion as an affirmative defense to be specially pleaded or waived. Instead, we conclude that § 1997e(a) imposes a pleading requirement on the prisoner." Steele v. Federal Bureau of Prisons, 355 F. 3d 1204, 1210 (10th Cir. 2003). "To ensure compliance with the [PLRA,] a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity. These requirements facilitate the district court's *sua sponte* review on the exhaustion issue." Id. at 1211. The district court did not err in raising Horton's failure to exhaust and in dismissing his complaint without prejudice on that ground.

We AFFIRM the district court's dismissal of Horton's complaint without prejudice for failure to exhaust. Horton's motion to proceed on appeal without prepayment of fees is GRANTED, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full. We also DENY Horton's motion for summary

judgment recently filed with this court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge