**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERNON J. AMOS,

Plaintiff-Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections, in his individual
and official capacity; CHARLES
SIMMONS, Warden, El Dorado
Correctional Facility, in his individual
and official capacity; KATHIE
HARRIS, Unit Team Manager, in her
individual and official capacity;
DAVID MCKUNE, Warden,
Lansing Correctional Facility, in his
individual and official capacity; RAY
ROBERTS, Warden, El Dorado
Correctional Facility, in his individual
and official capacity; SUSAN
GABRIEL, Deputy Warden, El Dorado
Correctional Facility, in her individual
capacity; RICHARD ENGLISH, Unit
Team Counselor, El Dorado
Correctional Facility, in his individual
capacity,

Defendants-Appellees.

No. 06-3258

District of Kansas

(D.C. No. 03-CV-3465-SAC)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not

(continued...)

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

In an action brought under 42 U.S.C. § 1983, Plaintiff Vernon J. Amos, a Kansas prisoner, alleges that prison officials have violated his right of access to the courts and his right to petition the government for a redress of grievances. The district court dismissed the action, finding that Mr. Amos failed to exhaust fully his administrative remedies and failed to state a claim for which relief can be granted. Without reaching the latter ground, we agree that Mr. Amos failed to demonstrate total exhaustion and affirm on that basis.

## BACKGROUND

In late 2003, Mr. Amos filed a complaint against various prison officials under 42 U.S.C. § 1983, seeking injunctive relief and damages for alleged violations of his right to petition the government for a redress of grievances and of his right to meaningful access to the courts. In particular he claimed that prison officials denied him access to jailhouse legal advice, access to the prison

[*](...continued)
binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

law library, access to the telephone to contact lawyers, general access to photo copying, access to confidential photocopying, access to a typewriter, lawyer visitation, legal supplies, and indigent postage.

In an order dated February 6, 2006, the district court directed Mr. Amos to show cause as to why his complaint should not be dismissed for failure to exhaust fully administrative remedies and for failure to state a claim for which relief can be granted. The court found that Mr. Amos raised only some of his claims in a previous administrative grievance and that one of his claims, though raised in a separate grievance, did not proceed completely through the administrative process. The court also found that Mr. Amos failed to demonstrate actual prejudice on any nonfrivolous claim arising from Defendants' alleged misconduct.

Mr. Amos responded to this order by stating that he did not possess copies of his administrative grievances and was denied assistance in preparing a response to the order. The district court rejected these arguments, noting that copies of administrative documents are not necessary to avoid dismissal for lack of exhaustion; rather, a petitioner may describe with specificity the administrative proceedings and its outcome. The court also found that, even if it assumed full exhaustion, Mr. Amos failed to demonstrate circumstances preventing him from

establishing the prejudice required to state a claim for denial of access to the courts. The court thus dismissed the complaint.[1]

Mr. Amos timely appealed.

## DISCUSSION

Under the Prison Litigation Reform Act, a prisoner cannot bring an "action . . . with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The plaintiff in such a suit bears the burden of showing exhaustion either by attaching copies of the administrative proceedings or by describing their disposition with specificity. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003). In addition, we have held that 42 U.S.C. § 1997e(a) requires a plaintiff to demonstrate total exhaustion of potential administrative remedies for all claims presented in the complaint. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188–90 (10th Cir. 2004). "If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." *Id.* at 1190. We review *de novo* a dismissal under the PLRA for failure to exhaust administrative remedies. *Id.* at 1185.

---

[1]The final sentence of the district court's order states: "It is therefore ordered that the complaint is dismissed as stating no claim for relief, 42 U.S.C. § 1997e(c)." R. Vol. I, Doc. 24, at 3. We note, however, that both the dismissal and the order to show cause discuss in depth Mr. Amos's failure to demonstrate total exhaustion. We thus construe the dismissal as resting on both grounds and affirm as to the exhaustion ground without reaching the merits of Mr. Amos's claim.

In its order to show cause the district court noted that Mr. Amos "raise[d] many but not all of [the impediments alleged in his complaint] in a comprehensive administrative grievance (No. 10857), which plaintiff fully appealed through the Secretary of the Kansas Department of Corrections." R. Vol. I, Doc. 10, at 2–3. Our review of the record confirms that Mr. Amos failed to exhaust fully at least one of his claims—namely, his allegation that Defendants failed to provide indigent prisoners sufficient funds to mail legal documents.[2] As the district court noted, Mr. Amos raised this claim in a grievance and included evidence of its initial rejection by a unit team member in his complaint. Mr.

_____

[2]It is difficult to decipher the precise history of all of plaintiff's claims from the record, which consists in part of handwriting on paper towels. The district court specifically identified three claims that Mr. Amos failed to raise in grievance No. 10857: (1) the claim of inadequate provision of indigent postage, (2) the claim that requests for legal resources are lost or not answered by prison staff, and (3) the claim that prisoners in segregation have such limited funds that they must choose between paying for hygienic supplies or for legal mailings. *Id.* We are convinced that the court was correct with respect to the first of these claims, which is all that is necessary under the total exhaustion rule. Mr. Amos's claim that requests for legal resources are lost or destroyed could be deemed to fall under his more general claim of denial of access to the law library. In grievance No. 10857, Mr. Amos raised, albeit vaguely, this general issue. *See* R. Vol. I, Doc. 1. Similarly, Mr. Amos's allegation regarding the choice between hygiene and pursuing legal claims falls under the more general claim of denial of legal supplies. This claim seems to have been dealt with in at least one response attached to the forms comprising grievance No. 10857, although we cannot tell whether Mr. Amos pursued this claim through higher levels of administrative appeal. Should this litigation continue, it is incumbent upon Mr. Amos to demonstrate exhaustion on each and every one of his claims, either through documentary evidence or by specifically describing the administrative process pursued and its outcome. Similarly, appellate review would be facilitated if, when making a finding of non-exhaustion, the district court listed each unexhausted claim with citations to the record where possible.

Amos failed, however, to demonstrate further exhaustion of this claim. As such, we must apply the total exhaustion rule and affirm the dismissal of his suit. *See Ross*, 365 F.3d at 1190.

In *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006), we held "that a claim rejected by the prison grievance system on procedural grounds is considered exhausted for purposes of the total exhaustion rule." *Id.* at 1289. It is possible that Mr. Amos's indigent postage claim would now be time barred within the administrative grievance system. Mr. Amos, however, has not documented any decision by the Kansas prison system rejecting this claim on procedural (or any other) ground, and thus, so far as the record reflects, that claim may still be alive. In *Kikumura*, by contrast, the prison litigant presented to the court a final decision by the prison grievance system rejecting his time-barred claims on procedural grounds. *Id.* at 1279. The purpose of the total exhaustion rule is to ensure that the prison grievance system has had a full opportunity to address all claims raised by an inmate on a comprehensive rather than a piecemeal basis. Because one of Mr. Amos's claims may still be pending in the prison system, he has not demonstrated compliance with the total exhaustion requirement.

## CONCLUSION

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Appellant is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge