**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENNY R. SMITH,

        Plaintiff-Appellant,

v.

C. COWMAN, Cellhouse Sargent; R.
HUNT, Disciplinary Hearing Officer,

        Defendants-Appellees.

No. 06-3272

District of Kansas

(D.C. No. 06-CV-3058-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

On February 27, 2006, Mr. Smith filed a § 1983 claim concerning disciplinary actions taken against him by prison officers, actions he considered both fraudulent and retaliatory. On March 1, 2006, the United States District Court for the District of Kansas ruled that the petitioner had not provided proof of completing the grievance process or the disciplinary appeal process, and thus had

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Circ. R. 32.1.

not demonstrated an exhaustion of administrative remedies, as required by 42 U.S.C. § 1997e. The court gave him sixteen days to do so. Mr. Smith filed an interlocutory appeal, which this court dismissed for lack of jurisdiction on June 8. On June 13, the district court, noting that the defendant had still not provided proof of his administrative appeal, dismissed the action without prejudice, stating that: "'a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.'" R., Doc. 11 at 2 (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003)).

Over the next several weeks, Mr. Smith filed a motion for reconsideration, a motion for certificate of appealability, and a "motion to set the record straight." Because this is a § 1983 action, not a habeas corpus action, the district court properly ruled that the application for a certificate of appealability was moot. It made no ruling on the "motion to set the record straight," which was a reiteration of the defendant's factual complaints, along with the addition of some new ones.

The court interpreted the motion for reconsideration as a motion to alter or amend the judgement under Fed. R. Civ. P. 59(e). In that motion, Mr. Smith stated that he was unable to produce a copy of administrative proceedings because prison guards had stolen the papers from his cell. He did, however, provide the district court initial copies of the grievances, and he described the appeal process as follows: "he submitted an appeal argument to the Secretary of Correction on

February 13, [20]06 in regards to his conviction of a false charge of work performance in case no. 06-01-081E. And received a decision back from the Sec. of Corrects. affirming the conviction stating 'based on some evidence.'" R. Doc. 13, at 1. The district court found the new evidence insufficient to disturb its earlier ruling and denied Mr. Smith's motion for reconsideration on July 19.

We affirmed the district court ruling in an unpublished opinion on December 19, 2006. *Smith v. Cowman*, 2006 WL 3616720 (10th Cir. Dec. 13, 2006). Shortly thereafter, the Supreme Court set forth a new standard to govern PLRA lawsuits: "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, ___ U.S. ___, 2007 WL 135890, at *11 (Jan. 22, 2007). Accordingly, the burden now falls on the defendants to show that Mr. Smith did not exhaust his administrative remedies.

Mr. Smith filed a petition for rehearing. In its response, the government conceded that the case should be remanded in light of the Supreme Court's recent decision in *Jones v. Bock, supra*. We agree.

The petition for rehearing is **GRANTED**, the previous decision of this Court, 2006 WL 3616720 (10th Cir. Dec. 13, 2006), is **VACATED**, and the judgment of the United States District Court for the District of Kansas is **REVERSED** and **REMANDED** for reconsideration in light of *Jones v. Bock*. Appellant's motion to proceed without prepayments of costs or fees is

**GRANTED.** This court reminds Mr. Smith of his obligation to continue making partial payments of the appellate filing fee until paid in full.

The petition for rehearing en banc having been circulated to the full court, and no judge in active service having called for a poll, the petition for rehearing en banc is therefore **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge