**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID L. HILLIARD,

        Plaintiff-Appellant,

v.

CHARLES RAY, Warden, JOE
CROW, Warehouse Supervisor,
STEVE KAISER, Previous Warden,
ROBERT EZELL, Assistant Warden,
DAVIS CORRECTIONAL FACILITY
MEDICAL DEPARTMENT, and
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

        Defendants-Appellees.

No. 06-7062

(E.D. of Okla.)

(D.C. No. CV-05-154-S)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

    David L. Hilliard, an Oklahoma state prisoner, proceeding pro se, appeals

the district court's dismissal of his claim against several prison officials for

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

failure to provide adequate medical care. The district court dismissed Hilliard's complaint because Hilliard failed to demonstrate exhaustion of his administrative remedies as to all claims. To support the requirement that a prisoner's complaint must demonstrate total administrative exhaustion, the district court relied on *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209–10 (10th Cir. 2003) (holding prisoners have the burden of pleading exhaustion) and *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) (holding prisoner must exhaust remedies on all claims presented).

In *Freeman v. Watkins*, 479 F.3d 1257 (10th Cir. 2007), however, we recently recognized that the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), overruled both *Steele* and *Ross*. Accordingly, Hilliard need not show in his complaint that he has administratively exhausted his claims. *See Jones*, 127 S. Ct. at 921. Rather, the defendants may raise failure to exhaust as an affirmative defense. *See id.* Furthermore, Hilliard may proceed on his exhausted claims even if he has not exhausted others. *See id.* at 923–26.

The district court also determined Hilliard's action was frivolous and should be dismissed under 28 U.S.C. § 1915(e) (providing that when a court has authorized an action to proceed *in forma pauperis*, the court shall dismiss the case if it thereafter determines the action is frivolous). Because the court devoted the substance of its order to discussing our now-superceded precedent requiring an inmate to adequately plead exhaustion, we will treat the court's finding of

frivolousness as based on that precedent and not as an independent ground for dismissal.

In light of the foregoing discussion, we VACATE the district court's decision and REMAND for further proceedings in accordance with *Jones v. Bock*. We remind Hilliard of his obligation, under the district court's order granting leave to proceed *in forma pauperis*, to continue making partial payments on the filing fee until the entire fee has been paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge