**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRYL L. HINTON,

        Plaintiff - Appellant,

v.

DONNA BOWERS, in her personal
capacity; JANET DOWLING, in her
personal capacity,

        Defendants - Appellees.

No. 11-6259
(D.C. No. 5:11-CV-00192-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Darryl Hinton, an Oklahoma state inmate, filed this *pro se* 42 U.S.C.

§ 1983 action against two prison officials who allegedly violated his

constitutional rights. The district court dismissed Mr. Hinton's claims because he

failed to exhaust the Oklahoma Department of Corrections's (ODOC) grievance

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

process as required by the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a). Mr. Hinton now appeals.

After reviewing the record, we agree with the district court that Mr. Hinton failed to exhaust his administrative remedies. Although Mr. Hinton filed several grievances, these were all returned unanswered because of noncompliance with the ODOC's grievance rules. Despite being given the opportunity to do so, Mr. Hinton never appropriately refiled any of these grievances, and this is enough to bar his claims under the PLRA. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'") (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Neither can we accept Mr. Hinton's alternative argument on appeal — that failure to exhaust administrative grievance procedures is not an affirmative defense under the PLRA. It's true that in *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), we held that failure to exhaust is not an affirmative defense, but that's only because we concluded it is an essential element of the plaintiff's claim that must be pleaded in the complaint. Even this is beside the point, though. The Supreme Court has since overturned *Steele*, and it's now quite clear that failure to exhaust *is* an affirmative defense in § 1983 cases, like this one, covered by the PLRA. *See Jones*, 549 U.S. at 216-17.

The district court's dismissal of Mr. Hinton's § 1983 claims is affirmed. We grant Mr. Hinton's motion to proceed on appeal without prepayment of costs or fees and remind him that he must continue making partial payments until the entire filing fee is paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge