**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GUILLERMO BARRON-BACA,

    Plaintiff - Appellant,

v.

JANNIE SHOEMAKER, Warden,
D.R.D.C.; ANITA BLOOR, Health
Provider, D.R.D.C.; JANETTE
LINDSAY, Health Provider, D.R.D.C.,

    Defendants - Appellees.

No. 04-1150
(D.C. No. 02-N-2274 (PAC))
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Guillermo Barron-Baca appeals the district court's dismissal of his § 1983

suit alleging Eighth Amendment violations by prison officials. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Barron-Baca, an inmate proceeding pro se, alleges that the defendants were deliberately indifferent to his serious medical needs, in contravention of the Eighth Amendment, by failing to provide him with an elbow splint and physical therapy in a timely manner. On June 8, 2000, Barron-Baca underwent surgery on his left elbow and received doctor's orders recommending a splint and physical therapy. Defendants allegedly failed to provide the splint until mid-August 2000, and did not schedule physical therapy until mid-July 2000. Barron-Baca's doctor told him on December 6, 2000 that he would not regain full movement in his elbow.

On October 16, 2002, nearly two years later, Barron-Baca initiated a Step I grievance seeking "monetary compensation in the maximum allowable amount under the law." Because Barron-Baca failed to file the grievance within "thirty (30) calendar days from the date the offender knew or should have known of the facts giving rise to the grievance," Colo. Dep't Corrections Admin. Reg. § 850-04, IV.C.2a, his grievance was rejected. The grievance regulations permit certain prison officials to grant an extension when the "offender clearly demonstrates that it was not feasible to file within the initial period." Id. at IV.C.2b. Barron-Baca never attempted to demonstrate that it was infeasible for him to file his grievance in a timely manner.

Barron-Baca then sued in district court seeking relief under § 1983.

Because Barron-Baca failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), the court below dismissed his suit with prejudice; Barron-Baca appeals. "We review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Pursuant to 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[A] complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted).

On appeal, Barron-Baca argues that the PLRA requires inmates to exhaust only those administrative remedies that are available to them; because he filed his first grievance late, no administrative remedies were available at that time. Therefore, Barron-Baca urges this court to excuse his failure to complete the internal grievance process. Our decision in Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004) forecloses Barron-Baca's argument. In Ross, we concluded that "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals.

3

Id. at 1186. Accordingly, we held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies . . . ." Id. (citation omitted). Therefore, the district court correctly concluded that Barron-Baca failed to exhaust administrative remedies by not filing his grievance in a timely manner, and properly dismissed his complaint.[2]

Finally, Barron-Baca argues that the district court erred by dismissing his complaint with prejudice. We have held that "[i]f a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." Id. at 1190 (emphasis added). Because Barron-Baca filed his complaint on the day before the statute of limitations expired, even if the court dismissed his complaint without prejudice, Barron-Baca could not re-file his § 1983 suit within the statutory period.

---

[2] In his reply brief, Barron-Baca argues that prison officials failed to supply him with a Spanish language explanation of the grievance procedure which, as a non-English speaker, left him ignorant of the relevant requirements. He did not raise this argument below and mentions it for the first time in his reply brief. Except in extraordinary circumstances, this court will not consider an issue that was not before the trial court. In re Walker, 959 F.2d 894, 896 (10th Cir. 1992). Additionally, failure to raise an issue in the opening appellate brief waives that issue. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Therefore, we decline to consider this argument.

4

Therefore, any alleged error by the district court is harmless.[3]

Accordingly, we **AFFIRM** the district court's order dismissing Barron-Baca's complaint. We remind Mr. Barron-Baca that he must continue his payments until his fee is paid in full.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[3] The court below concluded pursuant to 28 U.S.C. § 1915(a)(3) that this appeal is frivolous and not taken in good faith. At the time the court below issued its order dismissing Barron-Baca's complaint, we had not yet decided whether an untimely-filed grievance constituted failure to exhaust administrative remedies. Therefore, we conclude that Barron-Baca brought this non-frivolous appeal in good faith.