**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD TYLER,

      Plaintiff - Appellant,

v.

STATE OF UTAH; SALT LAKE
COUNTY SHERIFF'S OFFICE; SALT
LAKE COUNTY JAIL,

      Defendants - Appellees.

No. 04-4308
(D.C. No. 2:04-CV-478-JTG)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Plaintiff Richard Tyler, an inmate proceeding pro se, filed an action

pursuant to 42 U.S.C. § 1983 alleging assault by prison staff, property

deprivation, religious discrimination, lack of legal access, inadequate food and

medical treatment, and denial of phone calls. The district court dismissed the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

action without prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A, because Mr. Tyler failed to show he exhausted administrative remedies as required by 42 U.S.C. § 1997e. We review the district court's dismissal for failure to exhaust administrative remedies de novo, <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002), and we affirm.

In his complaint filed on June 30, 2004, Mr. Tyler generally stated that he had exhausted all his grievances and specifically stated that he had submitted grievances as to the assault, property, food, and medical attention claims. He did not allege he properly grieved at all levels, nor does he explain any possible responses. With regard to his claims regarding medical care and assault, Mr. Tyler noted that he is "still waiting for an appeal answer" and has "no appeal answer yet." Mr. Tyler sought compensatory damages to remedy the alleged assault and failure to provide adequate medical care.

Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." General claims of exhaustion are insufficient to meet this burden. Rather, the Plaintiff must make "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome." <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1211 (10th Cir. 2003) (citation and

internal quotation omitted).  This "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).  It is mandatory, despite the fact that the prisoner seeks relief, such as damages, that may not be available through the prison grievance process.  Id. at 524; see Booth v. Churner, 532 U.S. 731, 741 (2001) (requiring exhaustion of remedies even if damage relief is unavailable, but another form of relief is available).  Nothing in the record before us indicates that Mr. Tyler exhausted prisoner administrative relief.  We therefore conclude that the district court correctly dismissed the request for damages for failure to exhaust administrative remedies.

Finally, Mr. Tyler has renewed his motion for leave to proceed on appeal without prepayment of fees.  We grant the motion but remind Mr. Tyler that he is obligated to continue making partial payments until the entire fee has been paid. All other pending motions are denied.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge