**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SCOTT LEE FEUER,

     Plaintiff-Appellant,

  v.

WILLIAM B. MCCOLLUM, MD,
Clinical Director of Health Services;
JUDITH LEE THARP, MD, Medical
Officer of Health Services;
N. LEE CONNOR, Warden of USP
Leavenworth; GEORGE L.
HERSHBERGER, Regional Director
of North Central Region
Bureau of Prisons,

     Defendants-Appellees.

No. 04-3406
(D.C. No. 03-CV-3270-CM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Scott Lee Feuer, a federal inmate proceeding pro se, filed a *Bivens*[1] action alleging that the defendants were deliberately indifferent to his serious medical needs. The district court dismissed the case without prejudice because Mr. Feuer had not exhausted the prison administrative remedies. We affirm, but for slightly different reasons than those stated by the district court. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1184 (10th Cir. 2004).

*Background*

The administrative remedial scheme available to federal prisoners provides a four-tiered grievance process: informal resolution, formal remedy request directed to the warden, appeal to the Regional Director, and appeal to the General Counsel. 28 C.F.R. §§ 542.13 through 542.15. Mr. Feuer relies on four grievances complaining that his medical condition was not being treated properly.

The first formal remedy request, number 287938, was filed January 15, 2003. The warden responded January 24, 2003, but Mr. Feuer claims he did not

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

receive the response. His attempt to appeal this grievance, assigned number 292312, was rejected because Mr. Feuer did not attach the warden's January 24 response.

The second formal remedy request, number 290548, was filed February 14, 2003. It was rejected the same day because it did not contain the correct number of attachments or continuation pages. *See* 28 C.F.R. § 542.15(b)(3). Prison records indicate that the rejection notice was delivered to Mr. Feuer on April 2, 2003. Mr. Feuer says he was transferred to another federal prison on April 1, 2003, and did not receive the rejection notice until June 13, 2003.

The third formal remedy request, number 291851, was filed March 3, 2003. It was rejected the same day because it contained insufficient information. Like the second request, the rejection notice was delivered to Mr. Feuer on April 2, but he did not receive it until June 13.

On April 28, 2003, Mr. Feuer filed the fourth grievance, number 297513, directly with the Regional Director. It was rejected the same day because Mr. Feuer did not show that he had complied with the first two levels of the grievance process. Mr. Feuer asserts that he never received the notice of rejection.

Mr. Feuer filed suit in federal court, claiming he had exhausted all *available* administrative remedies. The district court denied Mr. Feuer's request

for a hearing and dismissed the case, finding that Mr. Feuer did not complete the four-step grievance procedure for any of his grievances, and therefore he failed to exhaust administrative remedies.

On appeal, Mr. Feuer challenges the district court's orders denying him an evidentiary hearing and dismissing his case. He does not appeal the orders denying his motions to strike, for sanctions, for appointment of counsel, or for default against defendants.

*Legal Framework*

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of this requirement is "to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). It applies to federal prisoners suing under *Bivens*, and requires them to exhaust inmate grievance procedures. *Id.* As Mr. Feuer acknowledges, exhaustion is required even where the available grievance procedure does not authorize the relief requested. *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

"Our review of a dismissal under the PLRA for failure to exhaust administrative remedies is de novo." *Ross*, 365 F.3d at 1185. Mr. Feuer is

representing himself on appeal, so his pleadings will be construed liberally. *See*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Analysis*

Mr. Feuer contends that he exhausted all *available* administrative remedies. He maintains that each of his four grievances was rejected because he did not attach the warden's response, and that he could not attach the response because he did not receive it in a timely fashion or at all. He also relies on 28 C.F.R. § 542.18, which provides, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." He further claims, for the first time on appeal, that the computerized prison records of his grievances are incorrect and fraudulent.

Mr. Feuer admits that he received responses from the warden for formal remedy requests 290548 and 291851. The responses were issued on February 14 and March 3, respectively. Mr. Feuer argues that by the time he received those responses on June 13, 2003, he had already tried to file appeals to the Regional Director and had been refused. Moreover, he points out that the twenty-day deadline to file appeals had long since expired when he received the responses. *See* 28 C.F.R. § 542.15(a) (mandating appeal to Regional Director be filed "within 20 calendar days of the date the Warden signed the response").

Mr. Feuer did not attempt to file an appeal after he received the warden's responses. Even though the filing deadline had passed, he did not seek an extension, as authorized by 28 C.F.R. § 542.15(a). It appears he may have been entitled to an extension due to the delay in his receipt of the warden's responses to formal remedy requests 290548 and 291851 caused by his transfer to a different federal prison on the day before the responses were delivered. The regulations provide for an extension for valid reasons, including "an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." 28 C.F.R. § 542.14(b) (listing valid reasons for delay) (incorporated by reference in 28 C.F.R. § 542.15(a)). Therefore, we conclude that Mr. Feuer failed to exhaust the inmate grievance procedures, and the claims addressed by formal remedy requests 290548 and 291851 properly were dismissed under the PLRA.

We turn to the remaining two grievances: the first, formal remedy request number 287938, and the fourth, grievance number 297513. In each, Mr. Feuer claims that he did not receive a response. Therefore, he maintains he was entitled to consider the absence of a response to be a denial, as permitted by 28 C.F.R. § 542.18. Defendants rely on the computerized records showing that appropriate responses were issued in each matter. As noted above, Mr. Feuer now challenges those computerized records.

We need not address the argument presented by either side because the dismissal must be affirmed for another reason: "the presence of unexhausted claims in [plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice." *Ross*, 365 F.3d at 1189. Consequently, our holding that Mr. Feuer failed to exhaust formal remedy requests 290548 and 291851 dictates dismissal of the case in its entirety.

Finally, we address Mr. Feuer's charge that the district court should have held an evidentiary hearing. We review this decision for an abuse of discretion. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *cert. denied*, 125 S. Ct. 344 (2004). Mr. Feuer has not identified any evidence he would have presented at a hearing; indeed, only questions of law were before the court. Accordingly, we find no abuse of discretion in denying a hearing.

## Conclusion

The district court granted Mr. Feuer's motion to proceed on appeal without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge