**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

HOWARD MILLER,

      Plaintiff-Appellant,

v.

TERRY EDMINSTEN, Correctional Unit
Manager at the John Lilley Correctional
Center; ED BULLARD, Correctional Unit
Counselor at the John Lilley Correctional
Center; TIM DUNN, Correctional
Security Officer IV at the John Lilley
Correctional Center; SHANE BATEY,
Correctional Security Officer IV at the
John Lilley Correctional Center; JERRY
MAYFIELD, Correctional Deputy
Warden at the John Lilley Correctional
Center; GLYNN BOOHER, Correctional
Warden at the John Lilley Correctional
Center; EDWARD JEFFERSON, Life
Skills Instructor for the Oklahoma
Department of Education HVAC/R
Academy at the John Lilley Correctional
Center; ROY BARKER, Volunteer
Chaplin at the John Lilley Correctional
Center; A. GARCIA, Correctional
Security Officer III at the Oklahoma State
Reformatory; MIKE MULLINS,
Correctional Warden at the Oklahoma
State Penitentiary; G. FRANCEZE,
Correctional Chaplin at the Oklahoma
State Penitentiary; LENORA JORDAN,
Correctional Warden at the Oklahoma
State Reformatory; DEBORAH
ROMINE, Administrative Assistant for
the Oklahoma Department of Corrections;
MELINDA GUILFOYLE, Administrative
Assistant for the Oklahoma Department of

No. 05-6233

(D.C. No. 04-CV-1574-T)
(W.D. Oklahoma)

Corrections; PAUL CRADDUCK,
Property Room Officer; RON PARKER,
Property Room Officer.

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Plaintiff Howard Miller, an Oklahoma prisoner appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction

pursuant to 28 U.S.C. § 1291 and affirm.

I.

Miller filed this pro se § 1983 action on November 18, 2004, asserting five claims

for relief against fourteen individuals employed by the Oklahoma Department of

Corrections. In sum, Miller's claims for relief included: (1) the denial of due process

during the course of prison disciplinary proceedings conducted in February and July 2004

in which earned credits were deducted as punishment; (2) the denial of due process prior

to his removal from a prison job; (3) retaliation for having complained about an alleged

violation of his First Amendment free speech rights; (4) denial of the right to freely

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

exercise his religion; and (5) the deprivation of personal property in violation of his due process rights. The magistrate judge assigned to the case, acting pursuant to 28 U.S.C. § 1915A, issued a report and recommendation on May 25, 2005, recommending that the first claim be dismissed without prejudice for failure to state a claim, the second and third claims be dismissed with prejudice for failure to state a claim, and the fourth and fifth claims be dismissed without prejudice for failure to exhaust administrative remedies. Miller objected to some, but not all, of these recommendations. On June 29, 2005, the district court overruled Miller's objections, adopted the report and recommendation, and dismissed Miller's complaint.

## II.

In this appeal, Miller first contends that, because he paid the full filing fee in the district court, the district court erred in dismissing his complaint without first serving it upon the defendants. Miller's argument is clearly without merit. Section 1915A of Title 28 outlines a screening procedure that applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee. Under that procedure, a district court is required to review the complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing . . . ." 28 U.S.C. § 1915A(a). If, upon such review, the district court determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the district court is required to dismiss the complaint. 28 U.S.C. § 1915A(b)(1). By conducting this screening procedure and dismissing Miller's complaint before serving

it upon the named defendants, the district court clearly complied with the dictates of §
1915A and did not err.

Miller next contends the district court abused its discretion in dismissing his
retaliation claim for failure to state a claim. According to Miller, the district court must
have "reached its decision [only] after a weighing of the facts and making credibility
determinations regarding [his] allegations . . . ." Aplt. Br. at 6. We disagree. Miller's
retaliation claim was based in large part on his allegation that certain of the defendants, in
retaliation for his allegedly exercising his First Amendment rights, filed false disciplinary
charges against him that ultimately resulted in his placement in segregation and the
deduction of good time credits. Because, however, a judgment in Miller's favor on his
retaliation claim would necessarily imply the invalidity of his disciplinary convictions,
Miller must first successfully challenge those disciplinary convictions in a habeas
proceeding before proceeding on his § 1983 claim.[1] See Edwards v. Balisok, 520 U.S.
641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994). The only other relevant
allegation made by Miller is that the defendants also retaliated against him by removing
him from his prison job without cause. A review of the materials submitted by Miller in
support of his complaint, however, establishes that Miller was removed from his prison
job due to his unauthorized use of a computer, a fact which Miller has not disputed. In

---

[1] We note that Miller's complaint specifically sought the return of the good time
credits that were revoked as a result of the disciplinary convictions. To obtain such relief,
Miller's sole remedy in federal court is to file a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2241 after first exhausting all available remedies under Oklahoma
state law. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

sum, we agree with the district court that Miller has failed to state a claim of retaliation upon which relief can be granted.

Lastly, Miller attacks the district court's dismissal without prejudice of his free exercise of religion claim, arguing that the district court erred in concluding that he had failed to exhaust his administrative remedies. More specifically, Miller complains that the district court should have accepted his allegation that he exhausted his administrative remedies, rather than relying on the copies of grievance materials submitted in connection with the complaint. Again, we disagree. As the magistrate judge correctly noted in his report and recommendation, the grievance materials submitted with the complaint clearly refute Miller's assertion that he exhausted his administrative remedies with respect to his free exercise of religion claim. Thus, we conclude the district court properly dismissed the claim without prejudice. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (noting that the burden of establishing exhaustion of administrative remedies is on the prisoner/plaintiff, who must either attach a copy of the applicable administrative dispositions to his complaint, or describe with specificity the administrative proceedings and their outcome).

The judgment of the district court is AFFIRMED. Miller's motion to proceed on

appeal in forma pauperis is DENIED and he is hereby ordered to pay the unpaid balance of the filing fee.

ENTERED FOR THE COURT


Mary Beck Briscoe
Circuit Judge