**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PREVIN E. TAUER,

      Plaintiff-Appellant,

  v.

ROGER WERHOLTZ, Secretary of
Corrections; WILLIAM L.
CUMMINGS, Deputy Secretary of
Corrections; MICHAEL A. NELSON,
Warden (Retired); DON E. THOMAS;
K. LUMAN, Deputy Wardens;
D. ZAMBO, Security Staff
(Deceased); L. R. MOORE; R. LAIR,
Security Staff; J. SPIKER; DEBBIE D.
BRATTON, Unit Team Managers;
G. MISTER, Correctional Counselor;
T. WEBER; J. CLARK; R. ROMEY;
KATHIE HARRIS, Clinical Staff,

      Defendants-Appellees.

No. 05-3196
(D.C. No. 04-CV-3224-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Previn E. Tauer, a Kansas state prisoner proceeding pro se, appeals the district court's dismissal of his civil-rights complaint filed under 42 U.S.C. § 1983. He also challenges the order denying his post-judgment motion, filed under Fed. R. Civ. P. 59(e). We affirm in part, reverse in part, and remand for further proceedings.

Mr. Tauer's complaint was based on his placement in administrative segregation from October 1997 until July 29, 2002. On June 14, 2004, nearly two years after his release into the general prison population, he filed an administrative grievance claiming his confinement in administrative segregation had violated his due process rights. The applicable regulation requires a grievance to "be filed within 15 days from the date of the discovery of the event giving rise to the grievance," and provides that "[n]o grievance, regardless of time of discovery, shall be filed later than one year after the event." Kan. Admin. Regs. § 44-15-101b. Prison officials denied his grievance as untimely.

Before any of the defendants were served with process, the district court dismissed the case. The court ruled that the June 2004 grievance was untimely; therefore, Mr. Tauer failed to comply with the administrative exhaustion requirements of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (PLRA). Mr. Tauer then filed a motion under Rule 59(e) to alter or amend the judgment, to which he attached a copy of an administrative grievance he filed on

April 2, 2002, while he was still housed in administrative segregation, alleging that his placement there violated his rights. He conceded that he did not exhaust fully the prison grievance process with respect to the 2002 grievance, but he asserted that a prison official fraudulently convinced him not to appeal the initial denial. In denying the post-judgment motion, the district court again ruled that the June 2004 grievance did not satisfy the exhaustion requirement, but did not mention the April 2002 grievance.

On appeal, Mr. Tauer argues (1) the district court was without authority to dismiss his case sua sponte, (2) the administrative exhaustion requirement is not jurisdictional so his failure to comply with it cannot foreclose his federal lawsuit, (3) the time limit for filing an administrative grievance impermissibly conflicts with the statute of limitations for filing suit, (4) the prison grievance filing requirements are not authorized by statute, (5) the district court erroneously based its dismissal on the doctrine of laches, and (6) he exhausted fully his administrative remedies relative to the June 2004 grievance. He also claims that the district court erred in denying his Rule 59(e) motion, and he asserts that his failure to exhaust administrative remedies as to his 2002 grievance should be excused due to equitable estoppel.

*Claims Pertaining to the 2004 Grievance*

"Our review of a dismissal under the PLRA for failure to exhaust

-3-

administrative remedies is de novo." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1185 (10th Cir. 2004).

Addressing Mr. Tauer's arguments in order, we first hold that the PLRA authorized the district court to dismiss the complaint sua sponte after it determined that Mr. Tauer failed to show that he had exhausted fully the prison grievance procedure. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238 (10th Cir. 2005); *see also* 28 U.S.C. § 1915A (directing district court to screen prisoner cases early and dismiss defective claims). Second, Mr. Tauer is correct that the administrative-exhaustion requirement is not jurisdictional; failure to exhaust does not divest this court of the power to adjudicate the claims. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1208 (10th Cir. 2003). The exhaustion requirement is mandatory, however, and a prisoner's "complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Id.* at 1209-10 (quotation omitted); *accord Simmat*, 413 F.3d at 1238.

Next, Mr. Tauer contends that the deadline for filing a prison grievance (fifteen days from the date of discovery, but never longer than one year) impermissibly conflicts with the statute of limitations for filing suit under § 1983 and Kansas state law. Mr. Tauer seeks to invoke the two-year limitations periods provided for filing these actions. *See Gragg v. McKune*, 16 P.3d 311, 313-14

-4-

(Kan. Ct. App. 2000) (holding Kansas law provides two-year statute of limitations for § 1983 actions, measured from date cause of action arose); *see also Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (applying applicable state statute of limitations to § 1983 action); Kan. Stat. Ann. § 60-513(a)(3) & (4) (supplying two-year limitations for actions based on fraud or injury to the rights of another). Mr. Tauer maintains that as long as he filed his grievance within two years after his constitutional rights were denied, federal litigation is not foreclosed. This court has specifically rejected this position. *Ross*, 365 F.3d at 1186 (holding time-barred grievance is not considered exhausted).

Mr. Tauer also challenges the regulation setting the time limit for filing grievances, Kan. Admin. Regs. § 44-15-101b, asserting that it is not authorized by statute. To the contrary, a Kansas statute authorizes the "secretary [of corrections] [to] adopt rules and regulations for the direction and government of . . . correctional institutions. . . ." Kan. Stat. Ann. § 75-5251. Moreover, Kan. Stat. Ann. § 75-52,138 requires an inmate to exhaust prison grievance remedies before filing a civil action. Consequently, we conclude that the time limits for filing a prison grievance are duly authorized.

Mr. Tauer's laches argument is based on "an <u>appearance</u> that [he] had failed to comply with the [prison] administrative grievance regulations." Aplt. Br. at 6-7. We reject this claim because Mr. Tauer concedes that his 2004

grievance was filed outside the time limits imposed by the applicable regulation. Furthermore, the district court's orders do not apply the doctrine of laches.

Finally, Mr. Tauer asserts that he exhausted fully his administrative remedies relative to the 2004 grievance by appealing the ruling that it was time-barred as far as the procedures allowed. Advancing the position taken by the Sixth and Ninth Circuits, he maintains that even a time-barred grievance satisfies the PLRA. *See Ngo v. Woodford*, 403 F.3d 620, 631 (9th Cir.) (holding prisoner's time-barred grievance satisfied PLRA's exhaustion requirement when prisoner completed highest level of appeal available), *cert. granted*, 126 S. Ct. 647 (2005); *Thomas v. Woolum*, 337 F.3d 720, 726-27 (6th Cir. 2003) (same). In this circuit, however, a time-barred grievance is not considered exhausted. *Ross*, 365 F.3d at 1186; *see id.* at 1185-86 & n.7 (rejecting holding and rationale of *Thomas*). Accordingly, we affirm the district court's dismissal of Mr. Tauer's claims based on the 2004 grievance.

*Rule 59(e) Motion – 2002 Grievance*

Turning to the disposition of the Rule 59(e) motion, we review a district court's ruling on a post-judgment motion for an abuse of discretion. *See McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 680 (10th Cir. 1989) (reviewing a Rule 60(a) motion). A district court abuses its discretion where it "fails even to consider either an applicable legal standard or the facts upon which

the exercise of its discretionary judgment is based." *Id.*; *accord Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (holding failure to exercise discretion is abuse of discretion).

We conclude that the district court abused its discretion in denying Mr. Tauer's Rule 59(e) motion because it did not consider the basis for the motion – the April 2002 grievance. Under the circumstances of a sua sponte dismissal premised on the requirements of 28 U.S.C. § 1915A, Mr. Tauer did not have the opportunity to enlist the April 2002 administrative grievance until after the dismissal indicating that the July 2004 grievance was too late. That opportunity presented itself with a Rule 59(e) motion. Accordingly, we remand for the district court to consider the grounds for the Rule 59(e) motion.

We recognize that Mr. Tauer concedes that he did not appeal the initial denial of the April 2002 grievance, and therefore did not exhaust the prison grievance procedures. He claims a prison official convinced him that such an appeal was not permitted. Whether Mr. Tauer is entitled to rely on an estoppel theory is a question this circuit has not decided. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (declining to consider plaintiff's estoppel argument because he could not show detrimental reliance on prison officials). We do not resolve it here, however, because the underlying facts have not been developed.

*Conclusion*

The district court granted Mr. Tauer leave to proceed on appeal without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

We AFFIRM the district court's order dismissing the 2004 grievance. We REVERSE the order denying the Rule 59(e) motion. Accordingly, we VACATE the judgment and REMAND for the district court to revisit the Rule 59(e) motion.

Entered for the Court


Michael R. Murphy
Circuit Judge