**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN BELL,

Plaintiff-Appellant,

v.

RON WARD, Director for the
Oklahoma Department of Corrections,
MIKE MULLIN, Warden, MR.
ROLLINS, Acting Warden, Chief of
Security, ROBERT BERRY, Unit
Manager, BRUCE WHITE, Counselor,
SANDY DUNN, Case Manager,
JAMES WHALA, Lieutenant, CHAD
MORGAN, Sargent, VERL HANCE,
Corporal

Defendants-Appellees.

No. 05-7118

(E.D. of Okla.)

(D.C. No. CV-04-320-P)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Petitioner-Appellant John Bell, proceeding pro se,[1] appeals the Eastern District of Oklahoma's dismissal of his suit under 42 U.S.C. § 1983 for failure to exhaust administrative remedies. Because Bell has yet to avail himself of the remedies available within the Oklahoma prison system, we AFFIRM the district court's application of the exhaustion requirement.

## I. Background

Bell claims that Oklahoma State Penitentiary (OSP) staff ignored his repeated requests for protection from white and Native American inmates who had threatened his life. Bell maintains that these refusals resulted in an incident on December 11, 2002, during which he was stabbed and severely beaten by a gang of inmates after they yelled "niggers bring your knives" as he was released into the prison yard for recreation time. Another inmate was allegedly killed in the same attack. Bell contends that OSP staff should have searched the inmates for weapons beforehand and should have responded to the incident more quickly.

Bell asserts that after the incident he began a grievance process pursuant to OSP regulations by seeking to have his complaints resolved informally. He contends that these efforts went unanswered by OSP staff and that his subsequent attempts to appeal OSP's failure to rule on his grievances were destroyed by prison staff and not properly documented in the prison grievance log.

---

[1] We construe Bell's appellate filings liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

-2-

## II. Discussion

Construing Bell's appellate pleadings liberally, he makes two arguments: (1) that he exhausted his administrative remedies, or, alternatively (2) that we should excuse him from the exhaustion requirement because OSP staff thwarted the administrative grievance process. We disagree with both.

Under the Prison Litigation Reform Act (PLRA), a state prisoner bringing a § 1983 claim must affirmatively plead and bears the burden to prove that he has exhausted all available administrative remedies. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). In general:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotations omitted). A prisoner must do more than initiate the administrative grievance process; he must also complete it. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The prisoner, however, may be excused from the exhaustion requirement where he can demonstrate that administrative remedies are unavailable or resort to such remedies is futile. *Steele*, 355 F.3d at 1209. A

-3-

plaintiff seeking to be excused from the exhaustion requirement on these grounds must do more than make unsupported conclusory allegations of misconduct by prison officials. *Id*. at 1209–10.

Bell has not satisfied these standards. First, although he claims he pursued his grievance informally, he failed to show that he completed the process. *Jernigan*, 304 F.3d at 1032. Bell has thus failed to exhaust the administrative remedies available to him.

Bell has also failed to show futility. In response to Bell's second argument—that OSP officials impeded his grievance appeals by destroying them and falsifying the prison grievance log—the district court, after giving Bell the opportunity to supplement the record and respond to an affidavit and exhibits supplied by OSP regarding the grievance process, found no evidence in support of his allegations that OSP staff deliberately impeded his administrative appeals. Bell maintains that he has copies of the appeals he attempted to file, but he did not provide them to the district court in support of his claim. Moreover, OSP filed an affidavit from the Oklahoma Department of Corrections (DOC) official responsible for grievance appeals stating that there were no administrative appeals from Bell between January 1, 1998 and November 15, 2004. In light of the state's evidence and Bell's dearth of support for his allegations regarding the disappearance of his alleged administrative appeals, we cannot say that administrative remedies were unavailable or futile in Bell's case.

## II. Conclusion

For the foregoing reasons, we AFFIRM the district court.

Entered for the Court

Timothy M. Tymkovich

Circuit Judge