**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUSSELL M. BOLES,

   Plaintiff-Appellant,

v.

RICHARD DANSDILL; LT.
PEOPLES; TOM MALLARY;
TIMOTHY CREANY; MICHAEL S.
WALSH; MIKE LAVOTO;
DONA ZAVISLAN; GLORIA
MASTERSON; ANTHONY A.
DeCESARO; ALL EMPLOYEES
OF THE DEPARTMENT OF
CORRECTIONS; ALL EMPLOYEES
OF CLINICAL SERVICES FOR THE
DOC; ALL EMPLOYEES OF THE
PHARMACY SERVING THE DOC,

   Defendants-Appellees.

Nos. 05-1479 & 06-1036
(D.C. No. 05-cv-1661)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Russell M. Boles appeals the district court's denial of his motion for preliminary injunctive relief (No. 05-1479) and dismissal of his 42 U.S.C. § 1983 suit for lack of exhaustion of administrative remedies (No. 06-1036). We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1). We AFFIRM the district court's decision in No. 05-1479, but we REVERSE and REMAND for further proceedings in No. 06-1036.

I.

Mr. Boles challenges the conditions of his incarceration, particularly the food and medical care he is being provided. After he filed his initial complaint, the district court denied his motions for a temporary restraining order and a preliminary injunction because he had alleged no facts showing immediate and irreparable injury. Soon thereafter, the court ordered Mr. Boles to file an amended complaint that complied with Fed. R. Civ. P. 8(a). The court also reminded Mr. Boles that he must plead exhaustion of administrative remedies. *See Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

Mr. Boles filed an amended complaint and certain grievance responses and other documents regarding his exhaustion of his administrative remedies. He then filed a second amended complaint containing three claims. For each claim, Mr. Boles identified the applicable grievance numbers and referred the court to the documents he had filed in conjunction with his first amended complaint.

-2-

After reviewing the second amended complaint and Mr. Boles's documents, the district court dismissed his suit without prejudice because Mr. Boles had not adequately shown that he exhausted his administrative remedies for his second claim.

In both his appeals, Mr. Boles primarily challenges the district court's finding of lack of exhaustion. He does not establish how the district court erred in concluding that he had not shown, as of the time he requested injunctive relief, that he would suffer immediate and irreparable injury. Consequently, we affirm the district court's denial of preliminary injunctive relief.[1]

We agree with Mr. Boles, however, that he showed exhaustion to the best of his ability, given the limitations under which he labored. For each of his claims, he identified specific grievance numbers. For each grievance, he either attached the Step 3 grievance officer's response that confirmed exhaustion or attached a "copy"[2] of the Step 3 grievance itself and explained that he had not yet received a response, although the 45-day response period had expired. He also attached a memorandum from the Step 3 grievance officer acknowledging delays

---

[1] On appeal, Mr. Boles states that the deprivations he then feared have now occurred. To the extent the situation has changed since the district court's decision, Mr. Boles may file another request for preliminary injunctive relief in the district court on remand.

[2] Apparently in instances in which he had not yet received a response from the Step 3 grievance response officer, Mr. Boles also did not have a copy of his Step 3 grievance to supply to the court. Instead, he submitted handwritten copies that he indicated were fair copies of the originals.

in processing grievances, supporting his allegation that he had not received a response to the grievances associated with his second claim.[3]

Importantly, Mr. Boles alleged before the district court and reiterates in this court that the prison law library refused to copy his grievances. In the district court, he supported his allegation by attaching a November 7, 2005, document reflecting a partial denial of services, in which the law library states: "The material you have submitted will not be copied by the legal access program in whole/in part [because] [y]our photocopy request exceeds the page limit established by the legal access program." R. Doc. 28 at 15. We recognize that such prison limitations on copying attachments may preclude a prisoner from fully supporting his or her pleading, though of course prisoners should provide as much information as possible to aid the court in evaluating exhaustion.

In *Steele*, this court recognized prisoners are required to plead exhaustion, but provided for cases in which prisoners' submissions might not be conclusive:

> There will be cases, however, in which the correct resolution of an exhaustion issue will not become apparent during the district court's screening process. For instance, a prisoner may allege exhaustion and either attach ambiguous documents arising from the grievance process or submit a misleading declaration. If the case is not otherwise subject to dismissal on its face as frivolous, malicious or

---

[3] With regard to his second claim, Mr. Boles referenced grievance number FF 04/05-549, but he did not include any documents with that grievance number. Instead, he included a handwritten copy of an otherwise unlisted grievance, FF 04/05-105, which clearly relates to the second claim. While the discrepancy is somewhat puzzling, it is not fatal to Mr. Boles's allegations of exhaustion at this stage of the proceedings.

> because it fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the case should go forward. But § 1997e(a) gives prisons and their officials a valuable entitlement–the right *not* to face a decision on the merits. Defendants with a colorable argument based on lack of exhaustion, therefore, may raise it in a dispositive motion, to be addressed promptly by the court.

355 F.3d 1211-12 (quotations and citations omitted). Mr. Boles pleaded exhaustion and provided such documentation as was reasonably within his ability to submit. The district court did not determine that the case was frivolous or malicious or that Mr. Boles sought monetary relief from defendants immune to such relief. Thus, the district court should have allowed the case to go forward. If defendants have a colorable argument based on lack of exhaustion, they may raise it in a dispositive motion.

The district court's denial of a temporary restraining order and preliminary injunctive relief (appeal No. 05-1479) is AFFIRMED. Its judgment dismissing the case (appeal No. 06-1036) is REVERSED and REMANDED FOR FURTHER PROCEEDINGS.

Entered for the Court

Michael W. McConnell
Circuit Judge

-5-