**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE E. FLORENCE,

Plaintiff-Appellant,

v.

A. BERRIOS; A. JOHNSON; D. THARP;
GOMEZ (FNU); MICHAEL CARR; H.
A. RIOS, JR.; MICHAEL K. NALLEY;
HARRELL WATTS; H. MARSHALL;
SORINTE (FNU); M. D. WOOLARD;
VOOGAVICH (FNU); R. WORSHAM.

Defendants-Appellees.

No. 06-1403

(D.C. No. 06-CV-00798-ZLW)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

Plaintiff George E. Florence ("Florence") appeals the district court's dismissal of his pro se civil rights suit for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Florence is currently a prisoner in the custody of the United States Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). He filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 for money damages and injunctive relief. His complaint asserted thirty-three claims against thirteen defendants for various violations of his First, Eighth, and Ninth Amendment rights.

Florence alleged that he had been restricted from working in the FCI-Florence food services department for medical reasons since January 5, 1999. Despite this restriction, he claims that he was ordered to work in food services and that on August 16, 2004, he slipped on a wet tile floor in the food services department and fell, sustaining a back injury that paralyzed him from the waist down. Florence was hospitalized at Parkview Medical Center for his injuries. His thirty-three claims assert that he was deliberately assigned to the food services area because it was hazardous, he was denied heart and arthritis medications, prison doctors failed to convey his pertinent medical information to Parkview Medical Center, he was threatened when he requested a hospital room change, he was not permitted to see a specialist for his back for four months, he was denied medication for his back pain, and his religious rastafarian tam and his legal

materials were wrongfully seized.

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before seeking judicial relief. See 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Section 1997e(a) imposes a pleading requirement on a prisoner, who "must: (1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (citations omitted). Because the PLRA requires total exhaustion, the presence of unexhausted claims in a prisoner's complaint requires the district court to dismiss the action in its entirety. Ross v. Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Florence attached to his complaint copies of his step one, two, and three grievance responses from defendants Rios, Nalley, and Watts. However, he failed to attach copies of grievances or describe his exhaustion of administrative remedies as to the remaining ten defendants named in his complaint. The magistrate court entered a show cause order directing Florence to clarify his efforts to exhaust his claims through the BOP's three-step administrative grievance procedure. Florence responded that he had no duty under the

BOP's administrative grievance procedure to exhaust his claims against the remaining ten defendants because those grievances had all been resolved in his favor, providing no basis for him to appeal. He attempted to describe with specificity the favorable resolution of each of these grievances.

The district court dismissed Florence's complaint without prejudice for failure to demonstrate exhaustion of each of his claims. The court noted:

> Mr. Florence contends as to each claim discussed in the response that he won his inmate appeals and, therefore, it would be unreasonable for the Court to expect him to appeal those victories before filing suit. He fails to clarify if the inmate appeals to which he refers are synonymous with his exhaustion of steps one, two, and three of the BOP's grievance procedure. In any case, if Mr. Florence received all the relief he wanted through those inmate appeals, the Court fails to understand why he is asserting his claims in the instant action. On the other hand, if Mr. Florence failed to receive all the relief he wanted through his inmate appeals, then he must exhaust his administrative remedies as to the claims for which he failed to receive relief. Record on Appeal ("ROA"), Tab 28 at 5.

On appeal, Florence argues that his Fifth and Fourteenth Amendment rights to due process were violated by the district court's failure to conclude that he had described with specificity his exhaustion of the grievance procedure for the remaining ten defendants. He asks this court to vacate the district court's order and remand his case for further proceedings.

We review a dismissal under the PLRA for failure to exhaust administrative remedies de novo. Bernalillo, 365 F.3d at 1185. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "we do not

-4-

believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

As a federal prisoner asserting claims related to prison conditions, Florence was required to exhaust his administrative remedies through the BOP's three-step grievance process before filing a federal suit. See Kikumura v. Osagie, 461 F.3d 1269, 1281 (10th Cir. 2006). Florence has demonstrated that he exhausted his administrative remedies as to defendants Rios, Nalley, and Watts by attaching to his complaint copies of the grievances he filed with each of these defendants. The record reveals that he pursued this grievance, which involved a failure to receive back pain and heart medications, through all three steps of the BOP process. However, Florence has failed to demonstrate that he exhausted his administrative remedies for the remaining ten defendants.

In his response to the magistrate court's show cause order, Florence asserted that he "won" each of his claims as they relate to the remaining ten defendants and therefore he had no obligation to appeal those decisions to exhaust his administrative remedies. ROA, Tab 24 at 4. A prisoner is not required to appeal a favorable resolution of his grievance to exhaust administrative remedies. Bernalillo, 365 F.3d at 1187. This court has noted,

> [o]nce a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. When there is no possibility of any further relief, the prisoner's duty to exhaust available administrative remedies is complete. Id.

In its order dismissing Florence's suit for failure to exhaust administrative

remedies, the district court noted that Florence "fails to clarify if the inmate appeals to which he refers are synonymous with his exhaustion of steps one, two, and three of the BOP's grievance procedure." ROA, Tab 28 at 5. On appeal, Florence once again fails to indicate whether he ever employed any of the steps of the BOP's grievance procedure for any of the claims relating to the remaining ten defendants. Although Florence was not required to appeal a successful grievance, he has provided no indication that he ever began the BOP's three-step grievance procedure. Instead, he merely asserts that he "won" these claims because he received the relief he sought. However, Florence provides no support in the record for these assertions. In addition, the record actually contradicts Florence's claim that he obtained his desired relief in each instance.

For example, Florence argues in his complaint that two defendants, Marshall and Sorinte, violated his First Amendment right to freedom of religion and free speech and his Eighth Amendment right against the infliction of psychological pain when they seized his religious rastafarian tam because it was the wrong color. He asserts that this was a harassment tactic because the prison chaplain advised him that such a seizure policy was not to take effect for two more weeks. Florence notes that it would have been futile for him to exhaust the BOP grievance procedure for this claim because the new seizure policy would have taken effect prior to resolution of the grievance process. "The Supreme Court has refused to 'read futility or other exceptions into' the § 1997e(a) exhaustion requirement." Steele, 355 F.3d at 1214 (citations omitted). "Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner

-6-

must exhaust the administrative remedies available." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). A prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." Id. at 1033.

Similarly, Florence also asserts First and Eighth Amendment claims in his complaint against three other defendants, Woolard, Voogavich, and Worsham, for confiscating his legal materials and threatening him when he complained about the seizure. In his complaint he alleges that "all of [his] pending court documents and private law books were destroyed." ROA, Tab 3 at 22-24. In contrast, in his response to the magistrate court's show cause order, Florence alleges that "he was given most of his property back" and because the three accused defendants "returned [his] pertinent personal property," this "negated further relief via [the] prison administration appeal system" and he had "won" his grievance. ROA, Tab 24 at 14-16. Alleging that he "won" his grievance, he contends that "it would be unreasonable to expect him to appeal that victory before he is allowed to file suit." Id. Because his own complaint contradicts his assertion that he received his requested relief, Florence cannot persuasively argue that he "won" his grievance and had no need to exhaust the BOP's grievance process.

Florence fails to indicate that he ever utilized any step of the BOP's grievance procedure for any of his claims against the remaining ten defendants. Instead, he vaguely asserts that he was afforded the relief he sought through informal channels or that eventually his needs were met, which ultimately negated his burden to exhaust his

administrative remedies through the BOP's grievance process. Because Florence is a pro se appellant, we have liberally construed his appeal. However, Florence has been afforded various opportunities to clarify his exhaustion of the administrative appeals process and has failed to do so. Despite his claims to the contrary, the record actually reveals that Florence failed to file grievances for some of his claims because he believed them futile and that he did not actually obtain relief for certain claims, but failed to ever file a grievance. Because a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them," Florence has failed to demonstrate that he exhausted his administrative remedies for all the claims in his complaint. Jernigan, 304 F.3d at 1033.

"In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Steele, 355 F.3d at 1211. The PLRA requires total exhaustion, so the presence of unexhausted claims in a prisoner's complaint requires the district court to dismiss the action in its entirety. Bernalillo, 365 F.3d at 1189. Because Florence's complaint contains several unexhausted claims, we AFFIRM the district court's order dismissing his entire suit without prejudice.[1]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] We also GRANT Florence's motion to proceed on appeal without prepayment of costs and fees and remind him that he is obligated to continue making partial payments until the entire fee has been paid.