**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRENCE L. ROBINSON-BEY,

     Plaintiff - Appellant,

v.

(FNU) FEKETEE, Unit Manager, USP
Leavenworth; (FNU) JOHNSON, Case
Manager, USP Leavenworth; (FNU)
WILSON, Counselor, USP
Leavenworth; H. WATTS, National
Inmate Appeals Coordinator, USP
Leavenworth; K. JOHNSON, Regional
Coordinator, USP Leavenworth;
(FNU) CONNERS, Warden, USP
Leavenworth; A. W. MAUBURY, Unit
Manager Coordinator, USP
Leavenworth; (FNU) ASHMAN, Unit
Manager Coordinator, USP
Leavenworth; (FNU) ODOM, SIS,
Lieutenant, USP Leavenworth; (FNU)
CASTILL, Lieutenant, USP
Leavenworth; (FNU) DICKERSON,
Officer, USP Leavenworth; (FNU)
BROWN, Counselor, USP
Leavenworth,

     Defendants - Appellees.

No. 06-3326
(D.C. No. 02-CV-3417-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Plaintiff-Appellant Terence L. Robinson-Bey, a federal inmate appearing pro se, appeals from the district court's dismissal of his lawsuit against various federal prison officials. The district court liberally construed Mr. Robinson-Bey's complaint as asserting a tort claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 - 2680, and civil rights claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court dismissed the Bivens claims for failure to exhaust and the FTCA claim for failure to state a claim. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

In his complaint, Mr. Robinson-Bey alleges that, on numerous occasions, he informed the staff at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth") that he faced hostility from other prisoners, that, as a result, he feared for his own safety, and that he wished to be moved to another housing unit. Despite these pleas, Mr. Robinson-Bey alleges that he was not moved to another unit and that, on February 2, 2002, he was assaulted by a group of prisoners. He also claims that, after the assault, he was illegally placed in the

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Special Housing Unit (SHU), his property was either given away by prison staff or stolen, and that prison staff retaliated against him for filing grievances. He claims that the staff's violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to transfer him and placing him in the SHU. He also claims that the staff's retaliation against him for filing grievances violated his First Amendment free speech rights. And he claims that because the prison staff disposed of or stole his personal property, he is entitled to recover under the FTCA.

The PLRA requires prisoners to exhaust prison grievance procedures before filing suit. See 42 U.S.C. § 1997e(a); Jones v. Bock, __S.Ct.__, 2007 WL 135890, at *3-4 (Jan. 22, 2007). Until recently, we had held that the exhaustion requirement is a pleading requirement, the burden of which falls on the prisoner to meet, see Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003), but the Supreme Court, in Jones, held that exhaustion is an affirmative defense the defendant must plead and prove, see 2007 WL 135890, at *11. Moreover, the prisoner no longer must demonstrate that each and every one of the claims in his complaint has been exhausted, and the failure to exhaust one claim does not result in the dismissal of them all.[1] Id. at *13-15. Rather, only those

[1] The district court, in its order dismissing Mr. Robinson-Bey's claims, did state, adhering to our prior precedents, that exhaustion is a pleading requirement which falls on the plaintiff and that total exhaustion is required by the PLRA. See R. Doc. 72 at 2-3, 10. The district court's order is ambiguous, however, as to whether it relied upon the now defunct pleading requirement and total exhaustion

- 3 -

claims that remain unexhausted may be dismissed. Id. at *13 ("All agree that no unexhausted claim may be considered."). We apply a de novo review to the district court's finding of failure to exhaust. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

In order to exhaust his administrative remedies, a federal prisoner must "seek formal review of an issue which relates to any aspect of" his imprisonment. 28 C.F.R. § 542.10(a). First, "an inmate shall . . . present an issue of concern informally to staff." Id. § 542.13(a). If this fails to satisfy the inmate, he must submit his complaint, using Form BP-9, to the Warden within 20 days of the occurrence giving rise to the complaint. Id. § 542.14(a). If he is dissatisfied with the response at that level, within 20 days of the Warden's response, he must appeal to the Regional Director of the Bureau of Prisons, using Form BP-10. Id. § 542.15(a). Finally, within 30 days of the Regional Director's response, the inmate may file a final administrative appeal to the General Counsel of the Bureau of Prisons, using Form BP-11. Id.

As previously mentioned, Mr. Robinson-Bey has brought Bivens claims for violation of his Eighth Amendment rights arising out of his assault by fellow

rule in dismissing Mr. Robinson-Bey's claims. Nonetheless, remand is not required because both parties were allowed sufficient briefing on the exhaustion issue in the district court and we are permitted to affirm on any ground supported by the record. See Maldonado v. City of Altus, 433 F.3d 1294, 1302-03 (10th Cir. 2006) ("[W]e have discretion to affirm on any ground adequately supported by the record, so long as the parties have had a fair opportunity to address that ground.") (alteration, quotation marks, and citation omitted).

prisoners and subsequent transfer to the SHU. He has also brought a First Amendment claim for retaliation and an FTCA claim for lost or stolen property. See R. Doc. 1 at 2, 3. In response to these claims, on December 9, 2005, Defendants filed a motion to dismiss, arguing that "[Mr. Robinson-Bey] cannot demonstrate that he has exhausted the administrative remedies for any of the claims raised in his Complaint." R. Doc. 53 at 15. This statement is sufficient for Defendants to plead the affirmative defense of failure to exhaust, see Fed. R. Civ. P. 8(e)(1); it does not necessarily mean, however, that they have proven non-exhaustion. We, therefore, must consider whether Defendants have proven non-exhaustion as to each of Mr. Robinson-Bey's three claims.

The district court below held that Mr. Robinson-Bey had properly exhausted his FTCA claim and proceeded to address its merits. Having reviewed the record, we agree with the district court that Mr. Robinson-Bey's FTCA claim was properly exhausted.

As to Mr. Robinson-Bey's First and Eighth Amendment claims, the documentary evidence attached to Defendants' motion to dismiss adequately demonstrates that Mr. Robinson-Bey failed to properly exhaust these claims. A careful review of this evidence reveals that, on April 10, 2002, Mr. Robinson-Bey initially filed a complaint with the regional office. This complaint was denied because Mr. Robinson-Bey failed to present his issue to the Warden first and the issue was not sensitive (a "sensitive" issue may excuse a prisoner from presenting

his complaint to the Warden first).  Mr. Robinson-Bey's appeal of this denial to the national level was unsuccessful for the same reasons.

Next, on September 26, 2002, Mr. Robinson-Bey filed a complaint at the institutional level regarding the alleged assault, seeking a transfer and compensation for lost or stolen property.  His claim was denied because, at the time of the complaint, the Special Investigation Section at the prison was still investigating Mr. Robinson-Bey's case, and therefore it would have been inappropriate to comment on his allegations at that time.  The Warden explained that "[o]nce an investigation is completed and a determination as to your status has been made, you will again be free to pursue an Administrative Remedy if you do not agree with the decision." R. Doc. 53 Ex. 1 Att. 3 at 2.  On October 25, 2002, Mr. Robinson-Bey filed an appeal of the Warden's decision at the regional level, which was subsequently denied on the same grounds—the investigation into the assault on Mr. Robinson-Bey was still pending.  Finally, on December 9, 2002, Mr. Robinson-Bey appealed the regional level decision to the national level.  This appeal was denied, however, because Mr. Robinson-Bey failed to provide the national level with copies of either his institutional or regional level grievances.  The national level informed Mr. Robinson-Bey that he could resubmit his appeal with proper documentation within fifteen days of the date of its denial of his complaint.  Mr. Robinson-Bey never did so.

In sum, Defendants have adequately shown that Mr. Robinson-Bey did not

exhaust either his First or Eighth Amendment claims because he failed to follow proper procedure in presenting his complaints and also presented them prematurely. In his attempt to demonstrate exhaustion in the district court, Mr. Robinson-Bey submitted his own documentary evidence. This material included letters both to and from Mr. Robinson-Bey, several return receipts for letters that Mr. Robinson-Bey sent in an effort to exhaust his available remedies, a rejection notice from the regional office, and several affidavits by Mr. Robinson-Bey and other inmates attesting to the inadequacies of the grievance response system at USP Leavenworth. None of this evidence, however, demonstrates that Mr. Robinson-Bey presented his claims to Bureau of Prisons staff in a procedurally sound manner or that his complaints were not made prematurely. As a result, the district court was correct in dismissing Mr. Robinson-Bey's First and Eighth Amendment claims on exhaustion grounds.

Turning to the merits of Mr. Robinson-Bey's FTCA claim, the district court held that this claim failed because it fell within one of the exceptions to the FTCA's waiver of sovereign immunity. Because the FTCA does not waive the United States' sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer," 28 U.S.C. § 2680(c), the district court was correct in granting Defendants' motion to dismiss Mr. Robinson-Bey's FTCA claim for lost or stolen property allegedly in their possession, see Steele, 355 F.3d at 1213-14,

abrogated on other grounds by <u>Jones</u>, 2007 WL 135890, at *11.

AFFIRMED.  We GRANT IFP status and remind Mr. Robinson-Bey of his continuing obligation to make partial payments until the filing fee is paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge