**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROY J. MAIN,

      Plaintiff-Appellant,

v.

CINDY MARTIN, Eye Doctor of
AVCF and FCF; GEORGE HUBBS,
RN-III Director of Utilization
Management; JOHN/JOAN DOES,
Movement Personnel,

      Defendants-Appellees.

No. 06-1478

(D. Colorado)

(D.C. No. 06-CV-232-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Colorado state prisoner Roy J. Main appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. In his complaint, Main alleged Defendants violated his Eighth Amendment rights by denying adequate medical treatment for an eye condition. The district court ordered Main to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. In response, Main conceded he had not filed any grievances regarding the claims raised in his complaint but argued no administrative remedies were available to him. The district court considered Main's arguments but dismissed his complaint without prejudice, relying on our prior precedents that exhaustion is a pleading requirement and that total exhaustion is required by the Prison Litigation Reform Act. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004)*, Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003). Main then filed a document titled, "Plaintiff's Motion for New Trial," which the district court properly construed as a motion seeking relief from the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court denied the motion.

This court conducts a de novo review of a dismissal for failure to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). After the district court ruled in this case, the Supreme Court abrogated the precedents upon which the court relied. *Jones v. Bock*, 127 S. Ct. 910 (2007). In

*Jones*, the Court held failure to exhaust is an affirmative defense and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921, *abrogating Steele*, 355 F.3d at 1209. The Court also held the failure to exhaust one or more claims does not require the dismissal of the entire action. *Id*. at 925-26, *abrogating Ross*, 365 F.3d at 1190. Accordingly, under *Jones* the district court erred when it dismissed Main's complaint without prejudice for failure to exhaust administrative remedies.

We **reverse** the dismissal of Main's complaint and **remand** the matter to the district court for further proceedings. Main's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge